IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOSEPH ANTHONY GITTENS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 5 : 20-CV-456 (MTT) |
| WARDEN MORALES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER and RECOMMENDATION

Plaintiff effectively filed this action in November 2020, and service was ordered on eight (8) Defendants on April 30, 2021. (Docs. 1, 18). Process receipt and return forms were returned unexecuted for Defendants Donaldson, Gains, Johnson, Lewis, White, and Williams on June 3, 2021. (Doc. 23). Process receipt and return forms for personal service were filed executed for Defendants Donaldson, Gains, Johnson, Lewis, White, and Williams, showing that they were personally served on June 16, 2021. (Docs. 31 – 31-5).

Defendants Donaldson, Gains, Johnson, Lewis, White, and Williams' answers or motions under Rule 12 were due within twenty-one (21) days after June 16, 2021, the date on which they were presumably personally served. Fed. R. Civ. P. 12 (a)(1)(A)(i); (Docs. 31 – 31-5).

In light of Defendants Donaldson, Gains, Johnson, Lewis, White, and Williams's apparent failure to timely file responsive pleadings, these Defendants were ordered to Show Cause as to why default should not be entered against them. (Doc. 34). No response was received from these Defendants, and upon Plaintiff's application for the entry of default, the Clerk entered default against these Defendants on August 18, 2021. (Doc. 52).

Defendants Donaldson, Gains, Johnson, Lewis, White, and Williams, in addition to Defendants Morales and Zellner, have now filed motions to set aside the default entered against

them. (Docs. 56, 58, 62, 63, 66, 75).[1] Defendants Donaldson, Gains, Johnson, Lewis, White, and Williams ask that the default be set aside, as they have not been personally served nor have they authorized anyone to accept service on their behalf, and they were unaware of the lawsuit until contacted by counsel. (Docs. 56-1, 58-1, 62-1, 63, 66-1, 75-1).

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default". Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause". Fed. R. Civ. P. 55(c).

Pursuant to Rule 4(e), an individual may be served following the requirements of applicable state law for service or by delivery of the summons and complaint to the defendant personally, by delivery of the summons and complaint to an individual of suitable age and discretion at the defendant's home, or by delivery of a copy of the summons and complaint to an authorized agent for the defendant. Fed. R. Civ. P. 4(e).[2] The attempted service of Defendants Donaldson, Gains, Johnson, Lewis, White, and Williams did not satisfy the requirements of Rule 4(e), as the service documents were left with the warden of the prison where these Defendants either currently or previously worked. (Docs. 31- 31-5). This warden was not authorized to accept service on behalf of these Defendants. (Docs. 56-2, 58-4, 62-2, 63, 66-2, 75).

As Defendants Donaldson, Gains, Johnson, Lewis, White, and Williams have not been served with Plaintiff's complaint, the entry of default was not proper, and these Defendants' motions to set aside default are **GRANTED**. (Docs. 56, 58, 62, 63, 66, 75). The default entered against these Defendants is set aside pursuant to Rule 55(c). Defendants Donaldson, Gains,

---

[1] Defendants Zellner and Morales have joined in the Motion to Set Aside Default filed by Defendant Johnson. (Doc. 58). Although default has not been entered against Defendants Zellner or Morales, these Defendants concede that they are technically in default as well. (Doc. 58-1).

[2] Georgia law sets out the same requirements for personal service of an individual as those set out in Rule 4(e)(2). *See* O.C.G.A. § 9-11-4 (e)(7).

Johnson, Lewis, White, and William shall have **twenty-one (21) days** from the date of this Order to file a responsive pleading or motion.

As to Defendants Morales and Zellner, the Clerk has not entered default against these Defendants, and Defendants Morales and Zellner have satisfactorily explained the circumstances that led to their failure to timely file an Answer or other responsive pleading. Defendants' Morales and Zellner's Motion to Set Aside Default is **GRANTED**. (Doc. 58). The Clerk is instructed not to enter default against Defendants Morales and Zellner, and the Court will allow Defendants Morales and Zellner **twenty-one (21) days** from the date of this Order to file a responsive pleading or motion.

Plaintiff filed a Motion for Default Judgment against all Defendants on August 30, 2021. (Doc. 64). As the entry of default as to Defendants has been set aside, it is the recommendation of the undersigned that Plaintiff's Motion for Default Judgment be **DENIED**. *See Allstate Insurance Company v. U.S. Department of Veterans Affairs*, 2017 WL 1021746 (N.D.Ga. 2017) (default judgment void upon setting aside of entry of default); *Sherrard v. Macy's System and Technology, Inc.*, 2016 WL 10570225 (N.D.Ga. 2016) (court denied motion for default judgment after setting aside entry of default).

***Objections***

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the recommendations herein, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party

failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED,** this 14th day of October, 2021.

s/ ***Thomas Q. Langstaff***
UNITED STATES MAGISTRATE JUDGE