IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOSEPH ANTHONY GITTENS, | : | |
| Plaintiff, | : | |
| VS. | : | 5 : 20-CV-456 (MTT) |
| WARDEN MORALES, *et al.*, | : | |
| Defendants. | : | |

# ORDER

Plaintiff effectively filed this action in November 2020, and service was ordered on eight (8) Defendants on April 30, 2021. (Docs. 1, 18). Process receipt and return forms were returned unexecuted for Defendants Donaldson, Gains, Johnson, Lewis, White, and Williams on June 3, 2021. (Doc. 23). Process receipt and return forms for personal service were filed executed for Defendants Donaldson, Gains, Johnson, Lewis, White, and Williams, showing that they were personally served on June 16, 2021. (Docs. 31 – 31-5).

Defendants Donaldson, Gains, Johnson, Lewis, White, and Williams' answers or motions under Rule 12 were due within twenty-one (21) days after June 16, 2021, the date on which they were presumably personally served. Fed. R. Civ. P. 12 (a)(1)(A)(i); (Docs. 31 – 31-5).

In light of Defendants Donaldson, Gains, Johnson, Lewis, White, and Williams's apparent failure to timely file responsive pleadings, these Defendants were ordered to Show Cause as to why default should not be entered against them. (Doc. 34). No response was received from these Defendants, and upon Plaintiff's application for the entry of

default, the Clerk entered default against these Defendants on August 18, 2021. (Doc. 52).

All Defendants filed motions to set aside the default, and these motions were granted. (Docs. 56, 58, 62, 63, 66, 75, 80).[1] Defendants filed Answers to Plaintiff's Complaint on November 4, 2021. (Docs. 83-88).

According to Rule 4(d) of the Federal Rules of Civil Procedure, a person who is "subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Rule 4(d)(2) provides that "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver . . . the court must impose on the defendant: the expenses later incurred in making service[.]"

The records of service indicate that the United States Marshals Service incurred costs in attempting to personally serve Defendants Zellner, Williams, Donaldson, and Johnson, and that these costs were potentially unnecessary. (Docs. 31, 31-3, 31-4, 48). The Court notes that Defendants Zellner, Williams, Donaldson, and Johnson have not denied receiving the waiver forms mailed by the Marshals Service, nor have they denied working at Jackson State Prison when the waivers were received at that facility.

The Marshals Service incurred the following costs in attempting to serve these Defendants:

    Zellner                                                          $65 service fee + $28 mileage     = $93

    Williams                                               ($130 service fee + $45 mileage) ÷ 3 = $58

    Donaldson                                         ($130 service fee + $45 mileage) ÷ 3 = $58

---

[1] Defendants Zellner and Morales joined in the Motion to Set Aside Default filed by Defendant Johnson. (Doc. 58). Although default was not entered against Defendants Zellner or Morales, these Defendants conceded that they were technically in default as well. (Doc. 58-1).

Johnson ($130 service fee + $45 mileage) ÷ 3 = $58

Therefore, Defendants Zellner, Williams, Donaldson, and Johnson are hereby ORDERED and DIRECTED to **SHOW CAUSE** as to why they should not have to reimburse the U.S. Marshals Service the costs incurred in personally serving these Defendants, **WITHIN FOURTEEN (14) DAYS** of the date of this Order.

**SO ORDERED,** this 9th day of November, 2021.

s/ *Thomas Q. Langstaff*
UNITED STATES MAGISTRATE JUDGE